IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ALONZO WILLIAMS,<br>**Petitioner** | : | |
| | : | No. 1:23-cv-01352 |
| v. | : | |
| | : | (Judge Rambo) |
| GLENN IRWIN,<br>**Respondents** | : | |

## MEMORANDUM

Pro se Petitioner Mark Alonzo Williams ("Petitioner") filed the instant petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) For the reasons set forth below, the Court finds that the issues presented in his petition are unexhausted. As a result, the Court will dismiss his petition without prejudice.

**I.   BACKGROUND**

Petitioner alleges that, on May 12, 2023, he entered a plea of nolo contendere and was convicted of disorderly conduct in the Court of Common Pleas of Centre County, Pennsylvania. (Id. at 1.) Petitioner further alleges that, as a result of his conviction, he was sentenced, or was supposed to be sentenced, with "[t]ime [s]erved (with credit for time imprisoned thus far), and (1) year probation[.]" (Id. at 2.) Petitioner challenges the execution of his sentence, as he seeks "[t]o be free of [s]upervisory [p]robation[,] to be free of court cost[s], fines and/or other penalties

issued by Centre County," and for his "immediate release from incarceration; true 'time served.'" (Id. at 14.)

As for his State court remedies, Petitioner asserts that he was informed at his sentencing that he could not file an "appeal" based upon his "plea deal[.]" (Id. at 4.) As reflected by his Section 2254 petition, however, Petitioner has pursued collateral review under the Post Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. § 9541, et seq. (Id. at 2.) More specifically, the underlying docket sheet in the Court of Common Pleas of Centre County demonstrates that: Petitioner filed a PCRA petition on July 28, 2023; the PCRA court scheduled a hearing; and the PCRA court issued a PCRA order on August 24, 2023. See Commonwealth v. Alonzo Williams, No. CP-14-CR-0000279-2023 (Centre Cnty. Ct. Com. Pl. filed February 23, 2023). Petitioner has not submitted a copy of his PCRA petition or the PCRA court's order and, thus, the contents of the petition and order are unclear to the Court.

Nevertheless, before the PCRA court had even issued its order, Petitioner filed the instant petition for a writ of habeas corpus pursuant to Section 2254, along with the requisite filing fee. (Doc. No. 1.) In his petition, he asserts the following grounds for relief: (1) "[p]hysical-facts Rule (1923) re: [i]ncontrovertible-physical facts rule[;]" (2) a Fourth Amendment violation based upon his "right to be free of illegal/improper seizure(s)[;]" (3) a Fourteenth Amendment violation based upon his "right to be free from [r]acial [d]iscrimination[;]" and (4) a First Amendment

2

violation based upon his "right to be free to exercise protected conduct without retaliation." (Id. at 5–11.)

Since Petitioner filed his Section 2254 petition in this Court, the underlying docket sheet in the Court of Common Pleas of Centre County reflects that the PCRA court denied a motion for release due to extraordinary hardship on August 25, 2023, and granted a petition seeking additional time on September 26, 2023. See Commonwealth v. Alonzo Williams, No. CP-14-CR-0000279-2023 (Centre Cnty. Ct. Com. Pl. filed February 23, 2023). Petitioner has not submitted a copy of the petition seeking additional time or the PCRA court's order with respect to that petition. Thus, the contents of the petition and order are unclear to the Court. Nevertheless, it appears that, based upon these State court filings, Petitioner's PCRA petition is still being litigated in State court.

## II.  LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. Rule 4 provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. § 2254.

3

## III.  DISCUSSION

As set forth above, Petitioner has filed a petition for a writ of habeas corpus pursuant to the provisions of Section 2254. (Doc. No. 1.) This federal habeas statute requires that Petitioner "'[was] in custody under the conviction or sentence under attack at the time [her] petition [was] filed.'" See Lee v. Stickman, 357 F.3d 338, 342 n.3 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)); see 28 U.S.C. § 2254(a) (extending jurisdiction to a petition for a writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court . . . "). Here, Petitioner was incarcerated at Centre County Correctional Facility in Bellefonte, Pennsylvania under a conviction of disorderly conduct at the time he filed his Section 2254 petition. (Doc. No. 1.) Thus, he has satisfied the "in custody" requirement for purposes of Section 2254.

Additionally, this federal habeas statute provides that a petition for a writ of habeas corpus that is filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the [petitioner] has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner]." See 28 U.S.C. § 2254(b)(1).  As such, a person in custody pursuant to the judgment of a State court who is petitioning for a writ of habeas corpus in federal court must **first** exhaust the

remedies available in the State courts, unless the State corrective process is unavailable or circumstances exist that render such corrective process ineffective. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that United States Supreme Court precedent and the Anti-Terrorism and Effective Death Penalty Act of 1996 "mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [State] courts").

The Third Circuit Court of Appeals has explained that, under 28 U.S.C. § 2254(c), a petitioner "'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.'" See Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001) (quoting 28 U.S.C. § 2254(c)). Thus, a petitioner "is generally barred from obtaining federal habeas relief unless the [petitioner] has properly presented his or her claims through one complete round of the State's established appellate review process." See Woodford v. Ngo, 548 U.S. 81, 92 (2006) (citation and internal quotation marks omitted).

In O'Sullivan v. Boerckel, the United States Supreme Court explained that a person in custody pursuant to the judgment of a State court who is petitioning for a writ of habeas corpus in federal court must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State[.]"

See O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999). The Supreme Court further explained that, in considering whether a petitioner has preserved a question for presentation in his or her federal habeas petition, a court must determine not only whether the petitioner has exhausted his or her remedies in State Court, but also whether the petitioner has properly exhausted those remedies—i.e., whether the petitioner has fairly presented his or her claims to the State courts. See id. at 848.

In determining whether the petitioner has fairly presented his or her claims to the State courts, a district court must consider whether the claim is "the substantial equivalent of that presented to the [S]tate courts." See Evans v. Ct. of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992) (citation omitted). In other words, "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts, . . . and the same method of legal analysis must be available to the [S]tate court as will be employed in the federal court[.]" See id. (citation and internal citation omitted); see also Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001) (explaining that in order to fairly present a claim to the State courts, the petitioner must put the State courts "on notice that a federal claim is being asserted" (citation and internal quotation marks omitted)).

Here, the underlying docket sheet in the Court of Common Pleas of Centre County reflects that Petitioner has a PCRA petition pending. More specifically, the docket sheet reflects that Petitioner has yet to appeal any dismissal of his PCRA

6

petition by the PCRA court to the Pennsylvania Superior Court. See Commonwealth v. Alonzo Williams, No. CP-14-CR-0000279-2023 (Centre Cnty. Ct. Com. Pl. filed February 23, 2023). Moreover, Petitioner has not alleged that the time period for filing a notice of appeal to the Superior Court has expired, and it does not appear to the Court that it has yet expired.[1] See Pa. R.A.P. 903.

Accordingly, because Petitioner appears to have an opportunity to obtain meaningful redress at the State level, and because he has not demonstrated that the State corrective process is so clearly deficient as to render futile any effort by him to obtain relief, the Court concludes that Petitioner's Section 2254 petition must be dismissed. This dismissal is without prejudice to Petitioner's right to pursue federal habeas corpus relief upon complete exhaustion of available State court remedies. See Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001) (explaining that, "in cases where there is any doubt about the availability of a state remedy, the claim must be dismissed" (citation omitted)).[2]

---

[1] As set forth above, the PCRA court recently granted a petition for additional time on September 26, 2023. While the substance of that petition is unclear to the Court, it appears that, at bottom, Petitioner's PCRA petition is still pending before the PCRA court and that no appeal has yet been filed with the Pennsylvania Superior Court.

[2] To the extent that the status of Petitioner's PCRA proceedings were to change by the time that this Memorandum and accompanying Order reach Petitioner, the Court emphasizes that its dismissal is without prejudice and that Petitioner need only refile his habeas petition.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the instant petition (Doc. No. 1) pursuant to Rule 4 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). An appropriate Order follows.

Dated: October 11, 2023               s/ Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge